FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2021 JUL 22  AM 10: 42
CLERK'S OFFICE
AT BALTIMORE
BY _____
DEPUTY

1

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

Complaint for a Civil Case:
445 Americans with Disabilities Act Title I (Employment)
Non-Jury Trial

MATTHEW A. BARRETO

*Plaintiff*

Vs.

WESBANCO, INC.

*Defendant*

## I. **Profiles of the Parties**

  A. Plaintiff's Profile:

  Name: Matthew Barreto

  Street Address: 1750 Eastern Avenue, Apt. B

  City: Baltimore

  State and Zip Code: Maryland, 21231

  Telephone: (410) 522-0282

  Email: barretomatthew@yahoo.com

  B. Defendant's Profile:

  Name: WesBanco, Inc.

  Industry Type: Bank Holding Company

  Street Address: 1 Bank Plaza

  City: Wheeling

  State and Zip Code: West Virginia, 26003

  Telephone: 800-905-9043 (Customer Service)

2

## II. **Basis for Jurisdiction**

The basis for federal court jurisdiction is BOTH a federal question and diversity of citizenship. The plaintiff, Matthew, is a citizen of the State of Maryland, while the Defendant, WesBanco, is incorporated under the laws of the State of West Virginia and has its principal place of business in the State of West Virginia. The law at issue in this case is the Americans with Disabilities Act (ADA) Title I (Employment).

## III. **Statement of Claim**

While unemployed, on August 25th, 2020, I applied for a full-time teller position in Baltimore within this company. On October 14th of that same year, I received an email that I was invited to do an online assessment, in which I completed in timely fashion and passed. Sometime after I completed the assessment, Dee Thomas, a WesBanco recruiter from Bowie, Maryland, contacted me and said she would like to phone interview me. I informed her that before we have the phone interview that, as a reasonable accommodation for my disability, autism, I am provided some sample interview questions that "may" be asked during the phone interview. On the day of the phone interview, Ms. Thomas emailed me three sample questions so I could prepare for the interview. During the phone interview, Ms. Thomas asked me what type of accommodations I may need if hired for the position. I responded that I may need written instructions on how to do the job, especially if it involves a strict routine, after which she simply says "okay" and nothing else on the topic. Ms. Thomas then says, before ending the conversation, that I may be good in working in "back office" positions. This is based on the experience I have with the most recent job position on my resume. I did, however, have more than 4 years of customer service experience, and with that statement of "back office positions" by Ms. Thomas, I assumed she did not want me in a position with customer contact based on the way I talked during the phone interview despite my years of experience in customer service. After the phone interview, I immediately emailed Ms. Thomas a thank you letter for the phone interview which stated that she and the branch's hiring manager are more than welcomed to request my reference page if they would like to contact any of my references who know me well and would tell them why I'd be a good fit for the job. On November 6th, I received an email from WesBanco stating that the job position has been filled. I had reason to believe that the hiring decision was based on my disability, so I submitted an inquiry of hiring discrimination on the basis of disability to the EEOC on November 13th, 2020, which was followed by a phone interview on January 21st, 2021. On the following day, January 22nd, a Charge of

Discrimination was filed on my behalf with the EEOC against the WesBanco branch I applied for the position at 531 South Conkling Street, Baltimore, MD 21224. On February 23rd, WesBanco filed a Position Statement with the help of its lawyer, Edward M. George the Third. The Position Statement on their behalf consists of a lot of pretexts which include evidence that the applicant without a disability not only got the job but received better treatment than I did. The Position Statement also stated a lie by recruiter Dee Thomas; it claimed that she told me that written instructions were provided to all trainees regardless of disability status which, while may be true, was never said in the phone interview. I filed a timely Response to the Position Statement on March 1st explaining how their claims are pretextual so my case would not be dismissed. However, being so offended by these pretexts in the Position Statement, I decided to request a notice of a right to sue letter by the EEOC for this case, EEOC #: 531-2021-00429, on April 15th. Finally, on May 5th, I officially received my right to sue letter in my EEOC portal. Because my complaint involves regional recruiter Dee Thomas, in other words more than one WesBanco Branch, and the rejection letter came from WesBanco's headquarters in Wheeling, WV according to the email, the defendant is WesBanco as a whole.

## IV. **Relief**

According to the U.S. Securities and Exchange Commission, the company currently has 1,928 employees, which is more than 500 employees. Therefore, I am suing WesBanco, Inc., for $300,000 in damages, which is either compensatory, punitive, or both combined. I am suffering mental anguish as a result of the pretexts mentioned in the defendant's Position Statement, which consists of disparate impact, disparate treatment, and the false statement. Also, if it weren't for the hiring discrimination by the defendant, I would have raised enough money for my graduate studies, which cost around that amount or higher.

## V. **Certification and Closing**

A. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will

4

likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

and (4) the complaint otherwise complies with the requirements of Rule 11.

B. I agree to provide the Clerk's Office with any changes to my address where case related

papers may be served. I understand that my failure to keep a current address on file with the Clerk's

Office may result in the dismissal of my case.

Date of Signing: July 22nd, 2021

Signature of Plaintiff:

Printed Name of Plaintiff: Matthew A. Barreto